UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| GREGORY JOHNSON, | ) | |
|    Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 20-2037 |
| | ) | |
| JUSTIN PICKERY, et. al., | ) | |
|    Defendants | ) | |

MERIT REVIEW ORDER

This cause is before the Court for merit review of the Plaintiff's complaint. The Court is required by 28 U.S.C. §1915A to "screen" the Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

Plaintiff, a *pro se* prisoner, claims Correctional Officer Justin Pickery, Sergeant Walworth, and Captain Osterbur violated his constitutional rights at the Danville Public Safety Building. While Plaintiff has attached some exhibits, the body of Plaintiff's complaint simply lists nine claims with little supporting information.

For instance, Plaintiff's first "equal protection" claim alleges Defendant Pickery let an angry sergeant into his cell who threatened to assault Plaintiff. (Comp, p. 9). Plaintiff's second "due process" claim alleges the officer failed to report the Sergeant's conduct. (Comp., p. 9). The third "cruel and unusual punishment claim" alleges Defendant Pickery allowed the Sergeant to "cruelly verbally abuse me." (Comp., p. 9).

1

The fourth "deliberate indifference" claim again alleges Defendant Pickery allowed the Sergeant in his cell even though he was angry. (Comp., p. 9). None of these allegations clearly state constitutional violations.

Plaintiff has not alleged facts which demonstrate an equal protection claim or due process violation. In addition, verbal harassment typically does not rise to the level of cruel and unusual punishment. *See Beal v. Foster*, 803 F.3d 356, 358 (7th Cir. 2015).

Plaintiff next alleges Sergeant Walworth threatened to beat him up and "almost" closed the chuckhole door on his finger. (Comp, p. 10). Again, verbal harassment alone is not sufficient, and Plaintiff does not clearly allege the Sergeant used excessive force when he slammed a chuckhole door closed.

Plaintiff next alleges Sergeant Walworth took a book Plaintiff was writing and refused to provide a contraband ticket acknowledging it was taken.

However, Plaintiff admits in his attached grievance Sergeant Walworth threatened him and took the "book" after accusing Plaintiff of harassing female staff members. (Comp, p. 7). In response to Plaintiff's grievance, Jail officials noted the book mentioned female officers by name and "was of a sexual content." (Comp., p. 8). In addition, the female staff members were individuals Plaintiff had "harassed in the past." (Comp., p. 8). Plaintiff was informed the book would not be returned, nor would he be allowed copies of letters he had sent to female staff members. Plaintiff was reminded he had "been repeatedly warned/disciplined for the same infraction." (Comp., p. 8).

Plaintiff claims the book was "fictional" and he had a "constitutional right" to the pursuit of happiness. (Comp., p. 7)

A prisoner "retains those First Amendment rights that are not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system." *Hale v. Scott*, 252 F.Supp.2d 728, 732 (C.D.Ill. March 17, 2003), *citing Pell v. Procunier,* 417 U.S. 817, 822 (1974); *see also Turner v. Safley*, 482 U.S. 78, 95, 107(1987). Therefore, restrictions on First Amendment rights are constitutional if they are "'reasonably related to legitimate penological interests.'" *Id. quoting Turner,* 482 U.S. at, 89. Consequently, an inmate would not have a right to sexually explicit or sexually harassing writing concerning female staff members. *See Bell v. Wolfish,* 441 U.S. 520, 546(1979) ("maintaining institutional security and preserving internal order and discipline are essential goals that may require limitation or retraction of the retained constitutional rights of both convicted prisoners and pretrial detainees."); *Hale v. Scott*, 371 F.3d 917 (7th Cir. 2004)(upholding discipline for grievances containing rumors of a guards sexual misconduct); *Carter v. Ameji,* 2011 WL 3819902, at *3 (C.D.Ill. Aug. 26, 2011) ("prisons have a legitimate interest in preventing manipulation and harassment of its employees.").

Furthermore, it is unclear why Plaintiff believes his due process rights were violated. Whether or not he received a contraband ticket, Plaintiff was able to file a grievance concerning his book, staff members admit they took it, and informed Plaintiff specifically why it would not be returned.

More important, Plaintiff does not allege he was disciplined, but instead that jail staff took his property. There is no violation of Plaintiff's constitutional rights if the state provides an adequate legal remedy and Illinois provides an adequate remedy in the Illinois Court of Claims. *Hudson v. Palmer*, 468 U.S. 517, 530-36 (1984) (availability of damages remedy in state claims court is an adequate, post-deprivation remedy); *Murdock v. Washington*, 193 F.3d 510, 513 (7th Cir. 1999).

Therefore, Plaintiff's complaint is dismissed for failure to state a claim upon which relief can be granted and as a violation of Rule 8 of the Federal Rules of Civil Procedure.

The body of Plaintiff's complaint provides no information concerning the contents of his "book," nor has be provided much information concerning his First Amendment claim. Therefore, if Plaintiff believes he can clarify his First Amendment claim, he may file an amended complaint. However, the amended complaint must stand complete on its own and must not refer to the first complaint. The amended complaint musts not include exhibits. Instead, Plaintiff must provide enough information in the body of his complaint to state a claim. For instance, who took his book, when it was taken, and why it violated his rights. Plaintiff should also clarify if he did mention staff members by name and did include sexual content in his book involving those staff members. If Plaintiff was disciplined as a result of the book, he should include this information in his amended complaint.

IT IS THEREFORE ORDERED:

1) Plaintiff's complaint is dismissed for failure to state a claim upon which relief can be granted and a violation of Rule 8 of the Federal Rules of Civil Procedure 8.

2) The Court will allow Plaintiff an opportunity to file an amended complaint in compliance with this order on or before July 1, 2020.  If Plaintiff does not file an amended complaint on or before July 1, 2020, or fails to follow the Court's instructions, his case will be dismissed.

3) The Clerk of the Court is to provide Plaintiff with a blank complaint form to assist him and reset the internal merit review deadline within 21 days.

4) Plaintiff is reminded he must immediately inform the Court of any change in his mailing address or phone number and failure to provide this information will lead to the dismissal of this lawsuit with prejudice.

Entered this 16th day of June, 2020.

                               s/ James E. Shadid
              _____
                          JAMES E. SHADID
                   UNITED STATES DISTRICT JUDGE