UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| GREGORY JOHNSON,   )  | |
|    Plaintiff,   ) | |
| ) | |
| vs.   ) | No. 20-2037 |
| ) | |
| JUSTIN PICKERY, et. al.,   ) | |
|    Defendants   ) | |

MERIT REVIEW ORDER

This cause is before the Court for consideration of Plaintiff's motion for leave to file an amended complaint [7] and motion for appointment of counsel. [8].

I. BACKGROUND

Plaintiff's initial complaint was dismissed for failure to state a claim upon which relief could be granted and as a violation of Rule 8 of the Federal Rules of Civil Procedure 8. *See* June 16, 2020 Merit Review Order.  Plaintiff's complaint included several allegations, but most either failed to state a constitutional violation or failed to provide enough information to clearly state a claim.

In addition, one claim alleged a violation of Plaintiff's First Amendment rights when officers took a book Plaintiff was writing and refused to provide a contraband ticket acknowledging it was taken.  However, Plaintiff's attached grievance admitted an officer took the "book" after accusing Plaintiff of harassing female staff members. (Comp, p. 7).

> Jail officials noted the book mentioned female officers by name and "was of a sexual content." (Comp., p. 8).  In addition, the female staff members were individuals Plaintiff had "harassed in the past." (Comp.,

p. 8). Plaintiff was informed the book would not be returned, nor would he be allowed copies of letters he had sent to female staff members. Plaintiff was reminded he had "been repeatedly warned/disciplined for the same infraction." (Comp., p. 8). June 16, 2020 Merit Review Order, p. 2.

Plaintiff maintained his book was "fictional" and he had a "constitutional right" to the pursuit of happiness. (Comp., p. 7).

The Court noted Plaintiff would not have a First Amendment right to sexually explicit or sexually harassing writing containing female staff members. *See* June 16, 2020 Merit Review Order, p. 3. However, Plaintiff provided little information about the contents of his book. Therefore, if Plaintiff believed he could clarify his claim and state a constitutional violation, he was given time to file an amended complaint and instructions to assist him.

> Plaintiff must provide enough information in the body of his complaint to state a claim. For instance, who took his book, when it was taken, and why it violated his rights. Plaintiff should also clarify if he did mention staff members by name and did include sexual content in his book involving those staff members. If Plaintiff was disciplined as a result of the book, he should include this information in his amended complaint. June 16, 2020 Merit Review Order, p. 4

Plaintiff has now filed his proposed amended complaint. [7].

## II. MERIT REVIEW

Plaintiff's motion for leave to amend is granted pursuant to Federal Rule of Civil Procedure 15. [7]. The Court is still required by 28 U.S.C. §1915A to "screen" the Plaintiff's amended complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief

may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

Plaintiff again claims his constitutional rights were violated at Danville Correctional Center, but he has failed to provide a list of Defendants. However, the body of his complaint names the same individuals identified in his first complaint including Correctional Officer Justin Pickery, Sergeant Walworth, and Captain Osterbur.

Plaintiff says he told female staff members he was including them in his "romance" book and "they said okay." (Comp., p. 1). Plaintiff says he also showed Defendant Pickery the pages where the officer was mentioned, and the Defendant gave his approval. Nonetheless, Plaintiff says Sergeant Walworth took his book and claimed it was harassment.

Plaintiff maintains he is innocent until proven guilty and he does not understand how he could be harassing anyone who gave their approval to be in the book. Unfortunately, Plaintiff does not clarify whether his "romance" book included the names of staff members participating in sexual activity, but he disputes the description provided by Defendant Walworth.

Plaintiff says while Defendants Oserbur and Walworth told him his book was considered contraband, they never filed out a contraband form. Instead, he was put in segregation for violation of department rules but did not receive a disciplinary ticket or a hearing. Plaintiff says this violates both his due process rights and his Eighth Amendment rights.

At merit review, the Court must accept the factual allegations as true, liberally construing them in Plaintiff's favor. *See Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). For the purposes of notice pleading, Plaintiff has alleged Defendants Oserbur and Walworth violated his First Amendment rights when they confiscated his book. However, if Defendants can demonstrate Plaintiff's book contained sexually harassing material, his claim will be dismissed. *See i.e. Hale v. Scott*, 371 F.3d 917 (7th Cir. 2004) (upholding discipline for grievances containing rumors of a guards sexual misconduct); *Carter v. Ameji*, 2011 WL 3819902, at *3 (C.D.Ill. Aug. 26, 2011) ("prisons have a legitimate interest in preventing manipulation and harassment of its employees.").

To demonstrate a due process violation, Plaintiff must be able to show the resulting sanction deprived him of life, liberty, or property. *See Isby v. Brown*, 856 F.3d 508, 524 (7th Cir. 2017). As a rule, a prisoner has no protected liberty interest in remaining in the general population of a prison, except in rare cases where "segregation conditions ... constitute an 'atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'" *Thomas v Ramos*, 130 F.3d 754, 760 (7th Cir. 1997) *quoting Sandin v Conner*, 515 U.S. 472, 484 (1995). Plaintiff has provided no information concerning his stay in segregation concerning the length of time he was in segregation or the conditions. Therefore, he has failed to provide a factual basis for his due process allegation.

In addition, Plaintiff's stay in segregation, by itself, does not state a violation of Plaintiff's Eighth Amendment rights. *See Urias-Urias v Youell*, 2006 WL 1120434 at 2 (C.D.Ill. April 26, 2006)("The Eighth Amendment to the constitution prohibits 'cruel and

unusual punishment,' but segregation alone is generally considered cruel and unusual punishment.").

If Plaintiff believes he can clarify his due process claim, he may file a motion for leave to amend within 21 days of this order.  Any motion to amend must include a complete, proposed complaint which includes all claims and Defendants and stands complete on its own.  Plaintiff must not refer to any previous pleading.

Finally, Plaintiff's only mention of Defendant Pickery is his allegation that he showed the Defendant the pages of his book and the officer was okay with the writing. (Amd. Comp, p. 1).  Plaintiff has not articulated a constitutional violation against this Defendant and therefore he will be dismissed.

Plaintiff has also filed a motion for appointment of counsel. [8] Plaintiff has no constitutional right to the appointment of counsel and the Court cannot require an attorney to accept *pro bono* appointment in a civil case.  The most the Court can do is ask for volunteer counsel. *See Jackson v. County of McLean,* 953 F.2d 1070, 1071 (7th Cir. 1992).

In considering Plaintiff's motion, the Court must ask two questions: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007), citing *Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir. 1993).

Plaintiff has failed to demonstrate any attempt to find counsel on his own such as a list of attorneys contacted, or copies of letters sent or received.  Therefore, his motion is denied with leave to renew. [8].

IT IS THEREFORE ORDERED:

1) Pursuant to its merit review of the amended complaint under 28 U.S.C. § 1915A, the Court finds the Plaintiff alleges Defendants Oserbur and Walworth violated his First Amendment rights when they confiscated his book. The claim is stated against the Defendants in their individual capacities only. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2) This case is now in the process of service. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, in order to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

3) The Court will attempt service on Defendants by mailing each Defendant a waiver of service. Defendants have 60 days from service to file an Answer. If Defendants have not filed Answers or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service. After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

4) With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall

provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

5) Defendants shall file an answer within 60 days of the date the waiver is sent by the Clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth Defendants' positions. The Court does not rule on the merits of those positions unless and until a motion is filed by Defendants. Therefore, no response to the answer is necessary or will be considered.

6) Once counsel has appeared for a Defendant, Plaintiff need not send copies of his filings to that Defendant or to that Defendant's counsel. Instead, the Clerk will file Plaintiff's document electronically and send a notice of electronic filing to defense counsel. The notice of electronic filing shall constitute service on Defendants pursuant to Local Rule 5.3. If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

7) Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the deposition.

8) Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a

change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

**IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO:**

**1) Grant Plaintiff's motion for leave to file an amended complaint, [7]; 2) Dismiss Defendant Pickery for failure to state a claim upon which relief can be granted pursuant to by 28 U.S.C. §1915A; 3) Deny Plaintiff's motion for appointment of counsel with leave to renew, [8]; 4) Attempt service on Defendants pursuant to the standard procedures; and 5) Set an internal court deadline 60 days from the entry of this order for the court to check on the status of service and enter scheduling deadlines.**

Entered this 13th day of November, 2020.

s/ James E. Shadid
_____
JAMES E. SHADID
UNITED STATES DISTRICT JUDGE